IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD HANEWINCKEL, )
114 CHESAPEAKE LLC, and )
DEWEY ATLANTIC LLC )
)
)
    Plaintiffs, )
  v. ) C.A. No. 15-766-LPS
)
MARC APPELBAUM, in his individual capacity )
and official capacity as Town Manager for the )
Town of Dewey Beach; DIANE HANSON, in her )
individual capacity and official capacity as Mayor )
of the Town of Dewey Beach; and the TOWN OF )
DEWEY BEACH )
)
    Defendants. )

---

Michael W. McDermott, David B. Anthony, BERGER HARRIS LLP, Wilmington, DE

Jane R. Patchell, MURRAY PHILLIPS, P.A., Georgetown, DE

Gerald J. Williams, Andrew F. Erba, WILLIAMS CUKER BEREZOFSKY, LLC, Philadelphia, PA

    Attorneys for Plaintiffs.


Megan T. Mantzavinos, Emily K. Silverstein, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, DE

    Attorneys for Defendants.


**MEMORANDUM OPINION**


September 29, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

Richard Hanewinckel ("Hanewinckel"), 114 Chesapeake LLC, and Dewey Atlantic LLC (collectively, "Plaintiffs") filed this action against Marc Appelbaum ("Appelbaum"), in his individual capacity and official capacity as the Town Manager for the Town of Dewey Beach; Diane Hanson ("Hanson"), in her individual capacity and official capacity as the Mayor of the Town of Dewey Beach; and the Town of Dewey Beach ("Town" and, collectively with Appelbaum and Hanson, "Defendants") on September 1, 2015. (D.I. 1) Plaintiffs filed an amended complaint on October 6, 2015. (*See* D.I. 3) In their amended complaint, Plaintiffs seek damages, attorney's fees, and costs for alleged violations of their rights under the First and Fourteenth Amendments of the U.S. Constitution. (*See id.* at 11)

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (D.I. 10) For the reasons discussed below, the Court will grant Defendants' motion.

**I.  BACKGROUND**

Plaintiff Hanewinckel "is the sole member-owner of [P]laintiffs 114 Chesapeake LLC and Dewey Atlantic LLC." (D.I. 3 at ¶ 6) 114 Chesapeake LLC and Dewey Atlantic LLC, in turn, own two resort rental properties that are relevant to the current litigation: 114 Chesapeake Street and 116 Chesapeake Street. (*See id.*) 114 Chesapeake LLC has had title ownership of 114 Chesapeake Street during all events that gave rise to the current litigation, and Dewey Atlantic LLC "acquired record title ownership to 116 Chesapeake Street . . . from 114 Chesapeake LLC on March 24, 2015." (*Id.* ¶¶ 7-8) All three Plaintiffs "rely on the . . . income they generate from rentals" of their resort properties (*id.* ¶ 12) and, therefore, must obtain business rental licenses

from the Town during each rental season. (*See id.* ¶¶ 15, 18-19) Plaintiffs must also abide by zoning provisions and ordinances that are issued by the Town Council. (*See id.* ¶ 10) Plaintiffs claim that they "maintain [their] properties in excellent condition and in conformity with all applicable legal requirements." (*Id.* ¶ 13)

Nevertheless, Plaintiffs allege, Defendants have arbitrarily delayed Plaintiffs' business rental licenses and have selectively enforced zoning provisions against Plaintiffs' rental properties. (*See id.* ¶ 15) According to Plaintiffs, Defendants' conduct allegedly began in October 2013, when Defendants revoked "[P]laintiffs' business rental license for 114 Chesapeake Street, asserting . . . zoning violations without reference to any zoning or other ordinance." (*Id.* ¶ 15a (internal quotation marks omitted)) Since then, Defendants have allegedly delayed the issuance of Plaintiffs' 2014 and 2015 business rental licenses. (*See id.* ¶ 15c, e-h) Defendants have also allegedly "demand[ed] that [P]laintiffs modify their properties," even though Plaintiffs' properties conform to applicable legal requirements, and have selectively enforced certain zoning provisions against Plaintiffs. (*Id.* ¶ 15b; *see also id.* ¶ 15i) When Dewey Beach residents "expressed concern and outrage about [Defendants'] disparate treatment of Plaintiffs," Defendants allegedly characterized Plaintiffs as having "a propensity to violate the law." (*Id.* ¶ 15d) Plaintiffs claim that Defendants' actions are in furtherance of an alleged conspiracy "to target and discriminate against [P]laintiffs, disrupt their businesses, negatively impact their finances, and impugn [P]laintiff Hanewinckel's character." (*Id.* ¶ 15j)

Plaintiffs further claim that Defendants' treatment of Plaintiffs is based on "a personal animus" and is "in retaliation for [P]laintiffs' legitimate exercise of their [First Amendment] rights." (*Id.* ¶ 17; *see also id.* ¶ 35) Plaintiffs provide several examples of constitutionally

protected activities that allegedly triggered such retaliation. (*See id.* ¶ 17) For example, Plaintiffs allege that Plaintiff Hanewinckel and "his life partner Marcia Schieck" ("Schieck") publicly criticized Appelbaum's and Hanson's performance as Town Manager and Mayor, respectively. (*Id.* ¶ 17a, g) Plaintiffs also note that Plaintiff Hanewinckel appealed "Appelbaum's attempted revocation of [P]laintiffs' business rental licenses" in November 2013. (*Id.* ¶ 17b) Lastly, Plaintiffs point out that Hanewinckel and Schieck filed several complaints against the Town for alleged violations of state law. (*See id.* ¶ 17d-f)

As a result of Defendants' alleged conduct, Plaintiffs claim that they have incurred "lost profits, rents, and other income in an amount exceeding $40,000.00." (*Id.* ¶ 20a) Plaintiffs' amended complaint alleges the following claims: a violation of Equal Protection under 42 U.S.C. § 1983 (Count I); a violation of Substantive Due Process under 42 U.S.C. § 1983 (Count II); a violation of the First Amendment under 42 U.S.C. § 1983 (Count III); and a claim of civil conspiracy under 42 U.S.C. § 1983 (Count IV). (*See id.* ¶¶ 24, 31, 35, 38) Defendants have moved to dismiss all four counts of Plaintiffs' complaint. (*See* D.I. 10)

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff,

plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiffs claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### III. DISCUSSION

Defendants challenge the adequacy of all four counts of Plaintiffs' complaint. In Defendants' view, the entirety of Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief may be granted. (*See* D.I. 10) As the Court explains below, the Court agrees with Defendants that all four counts of Plaintiffs' complaint should be dismissed.

However, the Court will also grant Plaintiffs leave to amend.

### A. Equal Protection (Count I)

Plaintiffs allege that Defendants violated their rights to equal protection by "intentionally and irrationally distinguish[ing] [P]laintiffs from other similarly situated property owners in Dewey Beach" and by "treat[ing] them differently for improper purposes." (D.I. 3 at ¶ 25) Defendants move to dismiss Plaintiffs' claim on the ground that Plaintiffs have not "allege[d] . . . that other similarly situated property owners exist, or that they were treated differently than Plaintiffs." (D.I. 10 at 5)

To establish a claim of selective enforcement, Plaintiffs "must demonstrate (1) that [they] were] treated differently from other similarly situated individuals, and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right." *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (internal quotation marks omitted). "At the motion to dismiss stage, [Plaintiffs] must [also] allege facts sufficient to make plausible the existence of . . . similarly situated parties" that are "alike in all relevant aspects." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. Apr. 13, 2011) (internal quotation marks omitted). If Plaintiffs do not "provide[] evidence of others treated differently who were similar to [them] in all relevant respects," Plaintiffs "fail[] to provide evidence necessary to establish the required elements of a selective enforcement claim." *Dombrosky v. Stewart*, 555 F. App'x 195, 197 (3d Cir. Feb. 12, 2014) (internal quotation marks omitted). Accordingly, district courts may dismiss a complaint that alleges an equal protection violation without identifying any other similarly situated parties. *See Vurimindi v. City of Philadelphia*, 521 F. App'x 62, 66 (3d Cir. Apr. 8, 2013). Likewise, an

5

allegation that simply states that Plaintiffs were "treated differently" from similarly situated parties "[w]ithout more specific factual allegations as to the allegedly similarly situated parties . . . fail[s] to state an [e]qual [p]rotection claim." *Perano*, 423 F. App'x at 238.

Here, Plaintiffs do not adequately plead their equal protection claim because they do not provide evidence of similarly situated property owners who were treated differently by Defendants. Instead, Plaintiffs conclusorily allege that "Defendants intentionally and irrationally distinguished [P]laintiffs from other similarly situated property owners" (D.I. 3 at ¶ 25), without "identify[ing] any such [property owners]" in their complaint, *Vurimindi*, 521 F. App'x at 66. In their briefing, Plaintiffs argue that "itemizing the disparate nature of the treatment they received" and alleging that "they were specifically targeted by [D]efendants" are sufficient to survive a motion to dismiss. (D.I. 12 at 3-4 (internal quotation marks omitted)) Plaintiffs' allegations, however, must make "plausible the conclusion that [similarly situated] parties exist and that they are like [Plaintiffs] in all relevant aspects." *Vurimindi*, 521 F. App'x at 66. Since Plaintiffs do not "provide[] evidence of others treated differently who [are] similar to [Plaintiffs]," and fail even to allege a plausible basis for believing that discovery will allow Plaintiffs to identify others similarly situated, the Court agrees with Defendants that Plaintiffs' equal protection count fails to state a claim upon which relief may be granted. *Dombrosky*, 555 F. App'x at 197.[1]

---

[1]Plaintiffs claim that their "allegations squarely meet the 'class-of-one' [e]qual [p]rotection elements enunciated by the Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)." (D.I. 12 at 4) To plead a "class of one" claim, Plaintiffs "must allege that (1) the defendant[s] treated [them] differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). As previously discussed, Plaintiffs did not identify any similarly situated property owners who were treated differently by Defendants. Hence, Plaintiffs' "class of one" argument is unavailing.

Accordingly, the Court will grant Defendants' motion to dismiss the equal protection claim.

### B. Substantive Due Process (Count II)

Plaintiffs allege that "Defendants violated [P]laintiffs' substantive due process rights . . . by intentionally harassing and obstructing [P]laintiffs' property rights with the specific illegitimate purpose of harming [P]laintiffs and denying them the legal and proper use of their property." (D.I. 3 at ¶ 31) Defendants argue that Plaintiffs fail to state a claim for purposes of Rule 12(b)(6) because selectively applying "zoning requirements . . . [and] delaying permits and approvals" do not amount to violations of substantive due process. (D.I. 10 at 7)

One element of a meritorious substantive due process claim is that Plaintiffs allege (and ultimately prove)[2] that Defendants deprived Plaintiffs of a protected property interest and that the deprivation "shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). A municipality's zoning decisions may shock the conscience if Plaintiffs' use of the property "implicate[s] a separately protected constitutional right." *Tucker Indus. Liquid Coatings, Inc. v. Borough of E. Berlin*, 2016 WL 4136894, at *4 (3d Cir. Aug. 4, 2016). However, if Plaintiffs' use does not implicate such a right, then the municipality's actions "do[] not rise sufficiently above th[ose] at issue in a normal zoning dispute." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004)

In this case, Plaintiffs' use of their property does not implicate a separately protected

---

[2]Throughout this Memorandum Opinion, although the Court sometimes notes what would be necessary for Plaintiffs to "establish," "prove," "demonstrate," or the like in order to ***prevail*** on the merits of their claims, the Court at this stage is only assessing the sufficiency of Plaintiffs' ***pleading*** of these elements.

7

constitutional right. Plaintiffs use their property to obtain rental income during the rental season. (*See* D.I. 3 at ¶ 12) Plaintiffs also do not allege that any zoning decision would "effectively prevent[]" them from exercising any constitutional rights. *Tucker*, 2016 WL 4136894, at *5 ("[A] zoning decision that effectively prevented an owner from publishing a political newspaper would be analyzed under a framework that took into account the fact that such a use was separately protected by the First Amendment, while a zoning decision that effectively prevented an owner from manufacturing playing cards would be analyzed differently."). Defendants' actions, therefore, raise nothing more than "a normal zoning dispute." *Eichenlaub*, 385 F.3d at 286. In normal zoning disputes, selective enforcement of zoning provisions and "delay[ing] . . . permits and approvals" do not shock the conscience, absent any "allegation[s] of corruption or self-dealing." *Id.* Since Plaintiffs do not allege corruption or self-dealing on the part of Defendants, Plaintiffs' allegations of selective enforcement and delayed rental licenses do not shock the conscience and do not give rise to substantive due process violations. Thus, Count II of Plaintiffs' complaint fails to state a claim upon which relief may be granted.

It is correct that "[t]here may be zoning disputes where, in the absence of a separately protected constitutional right, allegations of [Defendants'] personal and political animus [against Plaintiffs] sufficiently shock the conscience in order to state a due process claim." *Tucker*, 2016 WL 4136894, at *5. In such cases, Plaintiffs must include facts within their pleading "to . . . inferentially support" their allegation that Defendants were "motivated by personal and political animus." *Id.* (internal quotation marks omitted). The "mere inclusion of the phrase 'personal and political animus' in the [c]omplaint is clearly insufficient" to survive a motion to dismiss. *Id.* Here, although Plaintiffs allege that Defendants had "a personal animus against them,"

8

Plaintiffs do not plead any specific facts that Defendants were motivated by such animus in selectively enforcing zoning provisions or delaying business rental licenses. (D.I. 3 at ¶ 17; *see also id.* ¶ 32 (alleging that Defendants' conduct was "improperly motivated" without providing additional facts to support Plaintiffs' allegation)) Therefore, Plaintiffs' allegations of "a personal animus" (*id.* ¶ 17) and an "improper motiv[e]" (*id.* ¶ 32) fail to state a claim upon which relief may be granted.

Accordingly, the Court will grant Defendants' motion to dismiss the substantive due process claim.

### C. First Amendment (Count III)

Plaintiffs claim that Defendants' "conduct was carried out in retaliation for [Plaintiff] Hanewinckel's exercise of his [First Amendment] rights . . . and in retaliation against Hanewinckel for his partner Schieck's exercise of her [First Amendment] rights." (D.I. 3 at ¶ 35)

"[T]o plead a retaliation claim under the First Amendment, [Plaintiffs] must allege (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his [or her] constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Defendants move to dismiss Plaintiffs' claim on the basis of the third element, arguing that Plaintiffs have failed adequately to allege that their constitutionally protected conduct caused the Town to delay their business rental licenses. (*See* D.I. 13 at 6-7)

"When there is more than one defendant, [Plaintiffs] must show that each defendant individually participated or acquiesced in each of the alleged constitutional violations." *Smith v.*

*Cent. Dauphin Sch. Dist.*, 355 F. App'x 658, 667 (3d Cir. Dec. 11, 2009); *see also Roberts v. Ferman*, 2011 WL 2937398, at *12 (E.D. Pa. July 20, 2011) ("Where a plaintiff brings [a] First Amendment retaliation claim against multiple defendants, the plaintiff must establish that each individual defendant participated in or approved of each of the alleged violations."). Thus, in addition to proving the three elements described above, Plaintiffs must prove that Hanson, Appelbaum, and the Town participated in allegedly retaliatory conduct.

With respect to the Town, Plaintiffs also face heightened pleading requirements. When a local government is a defendant in a § 1983 case, Plaintiffs must show that the "execution of a [local] government's policy or custom . . . inflict[ed] the injury" in question. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. . . . A course of conduct is considered to be a 'custom' when . . . practices of state officials [are] so permanently and well settled as to virtually constitute law." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal quotation marks and citation omitted). To plead a policy or custom, Plaintiffs must plead that a particular defendant "had final policy making authority" and must further allege particular "action[s] [that the particular defendant] took that could fairly be said to be policy." *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 & n.11 (3d Cir. 2010).

Here, Plaintiffs have not alleged that either Hanson or Appelbaum participated in or directed the allegedly retaliatory conduct. Although Plaintiffs allege that "Appelbaum has engaged in a persistent effort, using the authority of his office, to disrupt [P]laintiffs' business and injure [P]laintiffs financially" (D.I. 3 at ¶ 14), Plaintiffs' allegation is not plead with

sufficient facts. *See Iqbal*, 556 U.S. at 680-81 (rejecting plaintiff's allegation that "Ashcroft was the 'principal architect' of this invidious policy" as "conclusory and not entitled to be assumed true"). Plaintiffs also have not pleaded facts that could allow the Court to infer that Appelbaum's "arbitrary acts" amounted to retaliatory conduct. (D.I. 3 at ¶ 14) Likewise, the complaint alleges that "Hanson and/or third parties" conspired with Appelbaum to injure Plaintiffs, but does not allege facts that could plausibly suggest that retaliation was an objective of the alleged conspiracy.[3] (*Id.* ¶ 15j) Thus, Plaintiffs' allegations are insufficient to state a retaliation claim against either Hanson or Appelbaum.

As for the Town, Plaintiffs have not alleged that the Town had a policy or custom of retaliating against Plaintiffs or other property owners who exercise their First Amendment rights. Plaintiffs allege that Appelbaum "assumed final policy making authority for the Town" and that Defendants' conduct "was carried out pursuant to a . . . policy targeting [P]laintiffs for discriminatory treatment." (*Id.* ¶¶ 9, 22) Such allegations, however, are insufficient to "plead a custom or policy or a link between the challenged restriction and a municipal decisionmaker." *McTernan v. City of York*, 564 F.3d 636, 659 (3d Cir. 2009). Plaintiffs instead "must identify a custom or policy and specify what exactly that custom or policy was." *Id.* at 658. Furthermore, Plaintiffs must allege facts that allow the Court to infer that Appelbaum "directed" the policy in question, but Plaintiffs have failed to do so. *Id.* at 659. Instead, Plaintiffs' allegations resemble those that the Third Circuit rejected in *McTernan*, because Plaintiffs simply allege a municipal

---

[3] Plaintiffs allege that "Hanson and/or third parties" conspired with Appelbaum to injure Plaintiffs. (*See* D.I. 3 at ¶ 15j) The Court addresses the adequacy of Plaintiffs' conspiracy allegations below, finding that Plaintiffs' allegations fail to state a conspiracy claim. Plaintiffs particularly fail to adequately allege a conspiracy to retaliate against Plaintiffs.

policy without "giv[ing] [any] notice as to [any] improper conduct" by a municipal decisionmaker. *Id.* at 658. As such, the third count of Plaintiffs' complaint fails to state a claim against the Town.

Accordingly, the Court will grant Defendants' motion to dismiss the First Amendment claim.

### D. Civil Conspiracy (Count IV)

Plaintiffs allege that "Defendants, acting in concert . . . , agreed and conspired together and/or with third parties to disrupt, obstruct, interfere, and deprive [P]laintiffs of their rights and ability to obtain the necessary business rental licenses to operate their businesses." (D.I. 3 at ¶ 38) In their motion to dismiss, Defendants characterize Plaintiffs' allegation as "conclusory" and further claim that Plaintiffs' "[c]omplaint is entirely devoid of any factual reference that . . . Defendants had a meeting of the minds, together, to deprive Plaintiffs." (D.I. 10 at 10 (emphasis omitted))

"To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989). As Defendants argue, Plaintiffs must "plausibly suggest a meeting of the minds." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010). A "complaint must not plead merely a conclusory allegation of agreement at some unidentified point." *Chruby v. Kowaleski*, 534 F. App'x 156, 160 (3d Cir. Aug. 7, 2013) (internal quotation marks omitted).

Plaintiffs' conspiracy allegations do not plausibly suggest that Defendants had a meeting

of the minds. Plaintiffs instead claim that Defendants "agreed and conspired together" at some point in time (D.I. 3 at ¶ 38; *see id.* ¶ 15j) without alleging "the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin*, 885 F.2d at 1166. Therefore, Plaintiffs' conspiracy allegations do not state a claim upon which relief may be granted.

Accordingly, the Court will grant Defendants' motion to dismiss the conspiracy claim.

### E.  Leave to Amend

Plaintiffs request leave to amend their equal protection claim, in the event the Court finds that they have not adequately alleged the "disparate treatment" prong of that claim. (D.I. 12 at 4 n.3) Although Plaintiffs do not expressly request leave to amend their other claims if the Court finds them deficient, the Court deems it appropriate under the circumstances of this case to consider whether to grant them leave to amend all four of their claims. *See generally Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). Defendants oppose any opportunity for Plaintiffs to amend, contending that any amendment would be futile. (*See* D.I. 13 at 9) ("Plaintiffs cannot plead anything beyond the conclusory statements presented in their [c]omplaint, and nothing in [Plaintiffs'] [a]nswering [b]rief alleges sufficient facts to cure these defects.")

The Court will provide Plaintiffs one final opportunity to amend and attempt to plead any or all of the four claims they have attempted to state in their presently operative complaint. Defendants do not contend that amendment would be inequitable or unfairly prejudicial to them;

nor does the record reflect that Plaintiffs have acted in bad faith or caused undue delay. *See Zanders v. Ferko*, 389 F. App'x 88, 90 (3d Cir. Aug. 6, 2010). Nor is the Court persuaded at this time that any amendment would necessarily be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Futility means that the complaint, as amended, would [still] fail to state a claim upon which relief could be granted."). While the Court has identified numerous, significant deficiencies in Plaintiffs' pleading, it may be possible for Plaintiffs to cure all of the deficiencies with respect to one or more of their claims. For example, Plaintiffs' equal protection claim could survive the motion to dismiss stage if Plaintiffs identify similarly situated parties. *See Vurimindi*, 521 F. App'x at 66.

Accordingly, the Court will grant Plaintiffs leave to amend their complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss for failure to state a claim and will grant Plaintiffs leave to amend their complaint. An appropriate Order follows.